# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                     **CASE NO. 4:20-CR-00346-BSM**

**NORMAN THURBER**                                                                          **DEFENDANT**

## ORDER

Norman Thurber's pro se motion to vacate, set aside, or correct his sentence [Doc. No. 142] pursuant to 28 U.S.C. section 2255 is denied.

## I. BACKGROUND

After a jury found Thurber guilty of six counts of production of child pornography, he was sentenced to twenty years imprisonment and ten years of supervised release on each count, to run concurrently. Doc. Nos. 64 and 88. The Eighth Circuit affirmed his conviction and sentence Doc. No. 98. Thurber is now moving to vacate his sentence under 28 U.S.C. section 2255, claiming that his constitutional rights were violated, he received ineffective assistance of counsel, and for prosecutorial misconduct. *See* Doc. Nos. 142 and 143.

## II. LEGAL STANDARD

A federal inmate may petition the sentencing court to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence was in excess of the statutory maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief is reserved for "transgressions of

constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Ineffective assistance of counsel claims are very difficult to prove because they require the claimant to show that his lawyer's performance was so deficient it prejudiced his case. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

### III. DISCUSSION

A.  Mistake-of-Age Defense

At trial, Thurber sought to introduce evidence that he believed the victim, A.H., was eighteen years old and he was not aware that she was a minor. Thurber's chief argument is that his rights to due process, a fair trial, and to present a defense were violated because he was prevented from mounting a mistake-of-age defense. This argument is rejected because the mistake of age defense is impermissible and the Eighth Circuit has held that the "preclusion of a reasonable-mistake-of-age defense d[oes] not violate [defendant's] right to due process." *United States v. McCloud*, 590 F.3d 560, 568 (8th Cir. 2009).

Thurber also argues that defense counsel was ineffective for failing to put on this defense and for failing to object when I denied the attempts to put on the defense. To prove that counsel was ineffective, Thurber must show that counsels' performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Thurber cannot meet this threshold requirement because defense counsel tried over and over to present a mistake-of-age defense but were overruled each time. *See* Doc. Nos. 34 and 42;

*see also* Trial Tr. 7–15, 43–48, Doc. No. 78.  Thurber, therefore, cannot show that counsel was deficient because they failed to mount the defense or object when they were precluded from doing so.

    B.    <u>Double Jeopardy</u>

Thurber's claim that the six count indictment violated his right to be free from double jeopardy is denied because each video created by Thurber was a separate and distinct violation of 18 U.S.C. section 2251(a).  *See United States v. Holt*, 786 F. App'x 805, 809 (10th Cir. 2019) ("'each use of a minor to create a visual depiction constitutes a separate and distinct violation of [§2251(a)], and thus represents the correct unit of prosecution.'") (quoting *United States v. Esch*, 832 F.2d 531 (10th Cir. 1987)).  Consequently, Thurber's claims that his lawyers' where ineffective by failing to object to the indictment or file an interlocutory appeal are denied because these inactions were reasonable.

    C.    <u>Commerce Clause</u>

Thurber's claims that18 U.S.C. section 2251(a) is a violation of his constitutional rights because it is an unconstitutional exercise of Congress's authority are denied.  *See United States v. Pliego*, 578 F.3d 938, 944 (8th Cir. 2009) (the "argument that §2251(a) exceeds Congress's authority under the Commerce Clause is without merit").

    D.    <u>Prosecutorial Misconduct</u>

Prosecutorial misconduct claims require a defendant to show that the government's conduct was improper or affected his substantial rights.  *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015).

*1. Birth Certificate*

Thurber's claim that the government violated his rights when it produced a copy of A.H.'s birth certificate approximately one week before trial is denied because it was a public record of vital statistics and it was not testimonial. Fed.R.Evid. 803(9); *United States v. Thompson*, 686 F.3d 575, 582 (8th Cir. 2012) ("record itself was not created for the purpose of establishing or proving some fact at trial, admission of a certified copy of that record did not violate [defendant's] Confrontation Clause rights.").

Although Thurber claims defense counsel were ineffective because they failed to object to birth certificate, photo of a state identification card, and Texas Department of Public Safety (DPS) records, he is incorrect. Defense counsel objected to the introduction of these documents and were successful in excluding the photo of the state identification card. Counsel's objections to the birth certificate and DPS records were overruled because they were public records and not testimonial. *See* Trial Tr. 36–40, Doc. No. 78. Also, during cross examination and closing argument, defense counsel cast doubt as to the procurement of the birth certificate. *See* Trial Tr. 76–80, 214–16, Doc. No. 79. Counsel also appealed these issues. *United States v. Thurber*, 106 F.4th 814, 825 (8th Cir. 2024). Defense counsel's actions were not deficient.

*2. U.S. Attorney's Statement*

Thurber's claim that Assistant United States Attorney Kristin Bryant engaged in prosecutorial misconduct during opening statements when she said Thurber "produced a video of himself vaginally and anally raping a fifteen year old girl," is denied. Trial Tr. 30,

4

Doc. No. 78. This remark was not improper because it was not unduly prejudicial. *See United States v. King*, 616 F.2d 1034, 1040 (8th Cir. 1980) ("the facts of each case must be reviewed independently to ascertain whether the comment was 'unduly prejudicial' or was 'plainly unwarranted and clearly injurious.'"). Even if Bryant's remark was improper, it was cured by the jury instruction providing that "statements, argument, questions and comments by the lawyers representing the parties in the case are not evidence." Jury Instructions at 4, Doc. No. 62. Consequently, Bryant's opening statement did not reasonably affect the jury's determination. *See United States v. Wesley*, 798 F.2d 1155, 1156 (8th Cir. 1986) (when a prosecutor's remark is improper, reversal is warranted only if it could have reasonably affected the jury's determination."). Further, the overwhelming evidence of Thurber's guilt, such as the videos of his actions, makes Bryant's statement even less likely to be prejudicial. *See King*, 616 F.2d at 1041 ("if the evidence of guilt is overwhelming, an improper argument is less likely to affect the jury verdict."). Defense counsel's failure to object to Bryant's statement was reasonable and did not prejudice Thurber for the reasons previously discussed.

    E.    <u>Perjury</u>

Thurber's claim that numerous witnesses perjured themselves during the grand jury and during trial is denied because his accusations are conclusory and there is no evidence the U.S. Attorneys knew or should have known of any perjury. *See Wadlington v. United States*, 428 F.3d 779, 783 (8th Cir. 2005) (testimony must actually be perjured and prosecutor must know or have some reason to know it was perjured).

### F. <u>Ineffective Assistance of Counsel</u>

#### *1. Failure to Object or Appeal the Grand Jury Indictment*

Thurber's claim that defense counsel were ineffective for failing to object to, or appeal, the indictment is denied. Thurber claims the indictment was based on perjury and double jeopardy. This is denied for the reasons discussed above.

#### *2. Failure to Call A.H. as a Witness*

Thurber's claim that his lawyers' were ineffective for failing to call A.H. as a witness is denied because the claim is conclusory. Moreover, there is no reason to believe that a different result would have been reached if A.H. hd been called. *See Maiden v. Payne*, No. 4:20-CV-00724-JJV, 2020 WL 4979159 (E.D. Ark. Aug. 24, 2020) ("the fact that there was a witness that perhaps could have offered testimony beneficial to the defense is not in itself proof of counsel's ineffectiveness.").

#### *3. Failure to Object or Appeal the Video Evidence*

Thurber's claims that defense counsel were ineffective because they failed to object to, or appeal, the introduction of videos that were altered is denied. Defense counsel objected numerous times to the introduction of videos that had been lightened for purposes of identifying the people in the video. *See* Trial Tr. 27–28, Doc. No. 78; Trial Tr. 101–03, Doc. No. 79. These objections were overruled because the videos were merely lightened and nothing was added or taken away. Further, defense counsel cross examined the witness on the alterations. Trial Tr. 157–58, Doc. No. 79. Defense counsel's actions were reasonable.

### *4. Failure to Communicate*

Thurber's argument that his lawyers were ineffective because they failed to respond to phone calls or letters prior to trial, and failed to meet with him until two weeks before trial, is denied. This bare allegation is not sufficient to state a claim for ineffective assistance of counsel because Thurber provides no supporting facts to show that an additional meeting was warranted or that this prejudiced his case. *See United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005) (finding lawyer's communication insufficient when he refused to return forty phone calls, failed to show up to two meetings, and did not return petitioner's files when requested). Further, Thurber fails to show that his lawyer was not present at any critical stages of his trial or that he "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." *See Neels v. Fluke*, 109 F.4th 1021, 1031 (8th Cir. 2024) (citing *Garza v. Idaho*, 586 U.S. 232, 237 (2019)).

### *5. Prevented Thurber from Testifying at Trial*

Thurber's claim that his lawyers were ineffective for preventing him from testifying at trial is denied because he has presented no evidence that his lawyers prevented him from testifying. *See Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009) ("allegations that he wanted to testify and was prevented from doing so do not suffice to overcome the presumption that he assented to the tactical decision that he not testify."). Even if his lawyers advised him not to testify, this was likely not prejudicial because there is no evidence that the outcome would be different had he testified.

### *6. Failure to Investigate*

Thurber's argument that his lawyers were ineffective for failing to investigate the government employees who issued the birth certificate is denied because he fails to show what evidence would have been uncovered and how it would have changed the outcome of the trial. Additionally, this inaction was reasonable because the birth certificate was self-authenticating and its issuance likely did not need investigation. *See* Fed.R.Evid. 902(4).

### *7. Failure to Object to Jury Instruction*

Thurber's claim that his lawyers were ineffective when they failed to object to the jury instruction, "if all of these elements have been proved beyond a reasonable doubt, you must find Thurber guilty," is denied because this inaction was reasonable as it is an Eighth Circuit Pattern Jury Instruction. Jury Instructions at 9, Doc. No. 62; *see* Eighth Cir. Crim. Pattern Jury Instruction 3.09.

### *8. Failure to Object to Judge's Statements*

Thurber's claim that his lawyers were ineffective for failing to object to my comment at sentencing that the sentence imposed could be viewed as "soft on crime" is denied. Sent. Tr. 64, Doc. No. 94. His claim that his trial lawyers should have objected during trial when I stated that I missed the question asked to a witness, is also denied. Trial Tr. 85, Doc. No. 78. These statements were not inappropriate and were not objectionable.

### IV. CONCLUSION

There is no need to conduct an evidentiary hearing because the record conclusively shows that Thurber is not entitled to relief. *See Roundtree v. United States*, 751 F.3d 923,

925 (8th Cir. 2014).  Furthermore, no certificate of appealability is issued because Thurber has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

For these reasons, Thurber's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 is denied.

IT IS SO ORDERED this 20th day of January, 2026.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE